UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GLENN A. JOHNSON, | Civil No. 23-147 (JRT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| JARETT HARMON and ELBRUS MANAGEMENT, LLC, | |
| Defendants. | |

Glenn A. Johnson, 724 DeSoto St. #1, St. Paul, MN 55130, *pro se* plaintiff.

This action comes before the Court on Plaintiff Glenn A. Johnson's (1) Complaint (Jan. 18, 2023, Docket No. 1) and (2) Application to Proceed in District Court Without Pre-paying Fees or Costs (Jan. 19, 2023, Docket No. 2 ("IFP Application")). For the following reasons, the Court dismisses this action without prejudice and denies the IFP Application as moot.

**I.    Background**

Received on January 18, 2023, the Complaint names two defendants: (1) Jarett Harmon and (2) Elbrus Management, LLC ("Elbrus"). (*See* Compl. 1,[1] Jan. 18, 2023, Docket No. 1.) As the Court understands the Complaint, Elbrus is the management company

---

[1] Citation to filed materials use the page numbers provided by the Court's CM/ECF filing system.

overseeing the apartment that Johnson rents, and Harmon is a representative of Elbrus who has interacted with Johnson. (*See, e.g.*, Letter, Nov. 29, 2022, Docket No. 1-1.) Johnson asserts that this Court has jurisdiction over this action based on federal-question jurisdiction under 28 U.S.C. § 1331, and that this action's basis is the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327 (codified as amended in scattered sections of 42 and 47 U.S.C.) ("ADA").

Johnson alleges that in November 2022, Defendants "presented" him with "a new rental lease" for his apartment. (*See* Compl. 5, Jan. 18, 2023, Docket No. 1.) He claims that this lease had various illegal and/or unreasonable provisions, and he apparently refused to sign. (*See id.*; Email, Nov. 22, 2022, Docket No. 1-1.) Shortly thereafter, he received from Defendants a "30-day eviction notice." (*See* Compl. 5, Jan. 18, 2023, Docket No. 1; Letter, Nov. 29, 2022, Docket No. 1-1.) He alleges that he replied by noting that he is disabled and would be "unable to move out of said property in 30 days." (Compl. 5, Jan. 18, 2023, Docket No. 1.) He further states that Defendants are engaging in "housing discrimination" by "using their power as a [l]andlord to discriminate by unlawful ADA rules."[2]

For relief, Johnson asks for $5,000 in "actual damages"; $50,000 in "punitive damages" (to be sent to certain community organizations); and a declaration of his rights to the extent that the ADA "pertains to his HIV/AIDS disability." (*Id.* at 4.)

---

[2] The Court assumes that by "unlawful ADA rules," Johnson means conduct that violates ADA rules.

## II. Analysis

### A. Standards of review

Rather than pay this action's filing fee, Johnson submitted the IFP Application. Under the federal statute governing *in forma pauperis* ("IFP") proceedings, as relevant here, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

In reviewing whether a complaint states a claim on which a court may grant relief, a district court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 836 (8th Cir. 2014) (citing *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014)). A complaint's factual allegations need not be detailed, but must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). A complaint must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In assessing a complaint's sufficiency, a court may disregard legal conclusions that are couched as factual allegations. *See, e.g.*, *id.* (citing *Twombly*, 550 U.S. at 555). A district court's assessment of whether a pleading states a claim is "context-specific"; a court must "draw on its judicial experience and common sense." *Id.* at 679; *see also, e.g.*, *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting *Magee v. Trs. of Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014) (cleaned up)). Courts are to construe pro

3

se complaints "'liberally,'" but such pleadings must still allege enough facts to support the claims advanced. *See, e.g.*, *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

**B.    Assessment of Complaint**

Johnson does not specify what provision of the ADA he claims that Defendants have violated. It appears that Johnson receives federal housing assistance, and the Court notes that under § 202 of the ADA (codified at 42 U.S.C. § 12132), "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." This seems the most likely candidate for an ADA claim here, so the Court construes the Complaint as pressing a claim under § 12132.

To state a § 12132 claim, a plaintiff must allege "'(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [public entity's] services, programs, or activities, or was otherwise subjected to discrimination by the [public entity]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.'" *Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020) (quoting *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010)); *see also, e.g.*, *Killion v. Shakopee Women Prison*, No. 22-CV-1795 (ECT/JFD), 2023 WL 2168751, at *2 (D. Minn. Jan. 6, 2023) (quoting *Rinehart*), *report and recommendation adopted*, 2023 WL 2166771 (D. Minn. Feb. 22, 2023).

The Court here sees at least two problems with the Complaint as presently pleaded. First, it is not clear to the Court that Defendants are a "public entity" under § 12132. Section 12131(1)(A)–(B) defines "public entity," as relevant here, as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." The only portion of this that might apply to Johnson's landlord is the reference to instrumentalities of state/local government. What caselaw the Court has found indicates that a landlord's acceptance of federal money does not make it a relevant instrumentality. *See, e.g.*, *Hawkins v. Hamlet, Ltd.*, 296 F. App'x 918, 919 (11th Cir. 2008) (citing *Schiavo ex. rel. Schindler v. Schiavo,* 403 F.3d 1289, 1293 n. 2 (11th Cir. 2005)); *Want v. Jones*, No. 22-CV-1890 (RDB), 2022 WL 3213610, at *2 (D. Md. Aug. 9, 2022); *Kneitel v. Almarc Realty Corp.*, No. 19-CV-3557 (PKC/LB), 2019 WL 2717106, at *3 (E.D.N.Y. June 28, 2019) (citing *Reid v. Zackenbaum*, No. 05-CV-1569 (FB), 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005)).

And even if a landlord could be considered a § 12132 instrumentality, the Court would still conclude that Johnson fails to allege a § 12132 claim here. The third *Rinehart* element requires a plaintiff to allege that something happened to him "by reason of his disability." Reading the Complaint, Johnson does flatly assert that he is a victim of discrimination, but he provides no factual support for this claim. Simply put, nothing in the Complaint substantiates the idea that Defendants here discriminated against Johnson because of his HIV/AIDS status. Without any such support, Johnson's discrimination claim

is just the sort of "legal conclusion[] . . . couched as [a] factual allegation[]" that the Court need not assume as true in assessing a complaint.

Out of an abundance of caution, the Court has also considered the Complaint in light of the Fair Housing Act ("FHA"). *See* Civil Rights Act of 1968, Pub. L. No. 90-284, tits. VIII–IX, 82 Stat. 73, 81–90 (codified as amended in scattered sections of 42 U.S.C.). Broadly speaking, that statute bars discriminatory practices in the housing market and targets discrimination on the basis of (among other things) one's "handicap." *See* 42 U.S.C. § 3602(h) (defining "handicap"); *id.* § 3604 (barring various forms of discrimination). Claims under § 3604 do not face the instrumentality problem that undercuts Johnson's attempted ADA claim, so an FHA claim could proceed even if Defendants are not "public entities" for ADA purposes. But even putting this problem aside, the Court concludes that any FHA claim in the present Complaint has the same factual-support problem as the ADA claim: there is not enough substance in the Complaint to make it plausible that Defendants here discriminated against Johnson based on a handicap. So the Court concludes that even if one treats the Complaint as suggesting liability under the FHA, the Complaint fails to state a claim.

Because the Court is aware of no cause of action for which the Complaint states a claim, the Court will dismiss this action without prejudice.

### C.   IFP Application

Given that the Court will dismiss this action in its entirety, the Court will also deny the IFP Application as moot.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915 for failure to state a claim.

2. Plaintiff Glenn A. Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 2) is **DENIED** as moot.

Dated: March 23, 2023  　　　　　　　　　　　　　　　　　s/John R. Tunheim  
at Minneapolis, Minnesota.  　　　　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge